# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ANTHONY LEWIS,**

**Plaintiff,**

**v.**

**KANSAS DEPARTMENT OF**
**SOCIAL AND REHABILITATION**
**SERVICES,**

**Defendant.**

**CIVIL ACTION**

**No. 11-2256-CM-DJW**

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 4).  For the reasons set forth below, the Court will deny the Motion.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 in which Plaintiff asserts claims for violation of his Fourteenth Amendment due process rights.  Plaintiff is proceeding *in forma pauperis*.[1]

Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[2]  The court may, however, in its discretion, appoint counsel in a civil action to represent a person proceeding *in forma pauperis*.[3]  The appointment of counsel under 28 U.S.C. § 1915(e) is a matter within the sound discretion of the district court.[4]  In determining whether to appoint

---

[1] *See* May 10, 2011 Order granting Plaintiff leave to proceed *in forma pauperis* (ECF No. 6).

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citation omitted).

[3] *See* 28 U.S.C. § 1915(e) ("[t]he court may request an attorney to represent any person unable to afford counsel.").

[4] *Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir. 1991) (citations omitted).

counsel, the district court should give careful consideration to all of the circumstances, including whether the plaintiff has a colorable claim.[5] If the Court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts."[6] The court should also consider the following factors: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[7]

After reviewing the allegations of Plaintiffs' Complaint, it appears to the Court that Plaintiff does not have a colorable claim against Defendant because Defendant is a state agency that is immune from suit under 42 U.S.C. § 1983. The Court has entered an Order (ECF No. 7) directing Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction because Defendant is immune from suit.

Because the Court cannot find that Plaintiff has a colorable claim against Defendant, the Court, in its discretion, denies Plaintiff's request for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

---

[5]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citations omitted).

[6]*Id.* (citations omitted)

[7]*Id.* (citations omitted); *Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citation omitted).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 10th day of May 2011.


s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties